**David STECKBECK; Steven Alba; Robert Bledsoe, Plaintiffs-Appellants,**

v.

**BARTENDERS UNION LOCAL 165, Defendant-Appellee.**

No. 16-16923

United States Court of Appeals, Ninth Circuit.

Submitted December 6, 2017 *
San Francisco, California

Filed January 17, 2018

Kirk Kennedy, Attorney, Las Vegas, NV, for Plaintiffs-Appellants

Kristin L. Martin, Attorney, McCracken, Stemerman & Holsberry, LLP, San Francisco, CA, Eric B. Myers, Esquire, Attorney, Davis, Cowell & Bowe, San Francisco, CA, for Defendant-Appellee

Before: SCHROEDER and GOULD **,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This case was submitted to a panel that included Judge Kozinski, who recently retired.

Following Judge Kozinski's retirement, Judge Gould was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Gould has read the briefs and reviewed the record.

Circuit Judges, and ELLIS,\*\*\* District Judge.

## MEMORANDUM \*\*\*\*

In order to prevail, appellants must show that the union's "conduct in dismissing their grievance was arbitrary, discriminatory or in bad faith." Stevens v. Moore Business Forms, Inc., 18 F.3d 1443, 1447 (9th Cir. 1994). Such a decision by the union "is arbitrary only if it lacks a rational basis." Id. Local 165's decision not to investigate appellants' grievance was rational because the grievance stemmed from facts Local 165 already knew. The union had an ample basis for assessing appellants' grievance and simply chose not to "brood over it." Peters v. Burlington N. R.R. Co., 931 F.2d 534, 540 (9th Cir. 1990), as amended on denial of reh'g (Apr. 23, 1991). Appellants have also not offered any evidence of bad faith on the part of Local 165. See Stevens, 18 F.3d at 1448.

**AFFIRMED.**

---

\*\*\* The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.